IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CURT YOUNG                                                                                    PLAINTIFF

v.                                          CIVIL NO. 20-cv-3069

KILOLO KIJAKAZI,[1] Acting Commissioner                                       DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Curt Young, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff filed his applications for DIB and SSI on November 21, 2017. (Tr. 22). In his applications, Plaintiff alleged disability beginning on July 23, 2016, due to back pain, restless leg syndrome, sciatica, and memory issues related to a head injury. (Tr. 22, 294). An administrative hearing was held on June 4, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 51–92). Plaintiff's wife, Tiffany Young, and a vocational expert ("VE") also testified. *Id*.

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

On June 4, 2019, the ALJ issued an unfavorable decision. (Tr. 19–39). The ALJ found that Plaintiff met the insured status requirements of the Act through December 21, 2019. (Tr. 24). The ALJ found that during the relevant time period, Plaintiff had the following medically determinable impairments: degenerative disc disease of the lumbar spine, neurodevelopmental disorder, major depressive disorder, anxiety-related disorder, and borderline intellectual functioning. (Tr. 24–25). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25–29). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [L]ift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours in and 8-hour workday, and sit for 6 hours in an 8-hour workday. However, he can never crawl or climb ladders, ropes, and scaffolds and can only perform the other postural activities occasionally. The claimant is able to perform work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote with few variables, and little judgment required; and supervision required is simple, direct, and concrete.

(Tr. 29–34).

With the help of a VE, the ALJ found Plaintiff would be unable to perform any of his past relevant work, but would be able to perform the representative occupations of cleaner housekeeping, production assembler, or power screwdriver operator (Tr. 34–35). The ALJ found Plaintiff was not disabled from July 23, 2016, through February 4, 2020, the date of his decision. (Tr. 35).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 17, 18).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) whether the ALJ's RFC findings were inconsistent with the evidence; and 2) whether the ALJ erred in his assessment of the opinion offered by Seth Garner, DC, APRN. (ECF No. 19). The Court has reviewed the entire transcript and the parties' briefs, and agrees with the Commissioner's assertion that the combination of medical records, Plaintiff's daily activities, and opinion evidence from both examining and non-examining physicians provided adequate support for his RFC findings. Further, the ALJ carefully considered and provided clear reasons for the weight assigned to each medical opinion offered. (Tr. 32–34). DC Garner's opinion was properly analyzed and the ALJ permissibly found it unpersuasive as it was not consistent with the record. (Tr. 33–34). For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to

support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

    IT IS SO ORDERED this 1st day of February 2022.

                                           /s/ *Christy Comstock*
                                      HON. CHRISTY COMSTOCK
                                      UNITED STATES MAGISTRATE JUDGE